IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT TERRELL,

    Plaintiff,                              No. CIV S-09-3318 GEB DAD PS

    vs.

STATE OF CALIFORNIA
EMPLOYMENT DEVELOPMENT
DEPARTMENT,                               <u>ORDER</u>

    Defendant.

_____/

        Plaintiff is proceeding pro se with an employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964.  The case has been referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff has filed an application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915.  Although a filing fee of $350.00 is required to commence a civil action in a federal district court, the court may authorize the commencement of an action without the prepayment of the filing fee by a litigant who submits an affidavit demonstrating inability to pay.  28 U.S.C. §§ 1914(a) and 1915(a).

        Here, plaintiff indicates that he is currently employed and has received money during the past 12 months from business, profession, or other self-employment.  Although the

1

form requires the applicant to state the amount of his take-home salary or wages and his pay period, as well as the name and address of his employer, plaintiff has not provided any information about his employment income. With regard to money received from business, profession, or other self-employment income, the form requires the applicant to describe each source of money and state the amount received and what the applicant expects to continue to receive. In this section of the form plaintiff indicates only that "sports officials are paid monthly" and has not provided specific information about each source of money, the amount received from each source during the past year, and the amount plaintiff expects to continue to receive from each source. The incomplete application fails to establish that plaintiff is indigent. See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995); Alexander v. Carson Adult High Sch., 9 F.3d 1448, 1449 (9th Cir. 1993).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 30, 2009 motion to proceed in forma pauperis is denied; and

2. Plaintiff is granted thirty days from the date of this order to file a new application to proceed in form pauperis. Plaintiff is cautioned that the new application must provide all required information. Failure to respond to this order in a timely manner may result in a recommendation that the action be dismissed.

DATED: December 2, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\terrell3318.ord.newifp

2